Sophia Goren Gold (SBN 307971)
**KALIEL GOLD PLLC**
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

Jeffrey D. Kaliel (SBN 238293)
Amanda J. Rosenberg (SBN 278507)
**KALIEL GOLD PLLC**
1100 15th Street NW 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com
arosenberg@kalielgold.com

Scott Edelsberg (SBN 330090)
**EDELSBERG LAW, P.A.**
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN CHAMBERS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br><br>FORME, LLC,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Lauren Chambers ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant Forme, LLC ("Forme" or "Defendant"). Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by her counsel, and based upon information and belief, except as to

those allegations specifically pertaining to Plaintiff, which are based on her personal knowledge.

**PRELIMINARY STATEMENT**

1.      This is a proposed class action seeking monetary damages, restitution, and public injunctive and declaratory relief from Forme's: (a) deceptive and untruthful promises to provide "free shipping" on clothing merchandise orders placed on its website; and (2) deceptive representations concerning FDA endorsement of its clothing products.

2.      First, when consumers browse products on Forme's website, Forme prominently advertises either free shipping or flat rate shipping on purchases. However, that marketing representation is false because Forme surreptitiously adds a so-called "Shipping ProtectionFee" to every online order. The deceptive addition of the "Shipping ProtectionFee" renders Forme's promise of free or a flat, low-cost shipping false. Thousands of Forme customers like Plaintiff have been assessed hidden shipping charges for which they did not bargain. Consumers like Plaintiff reasonably understand Forme's express FREE or flat, low-cost shipping representation to disclose the total additional cost they will pay to have their merchandise delivered.

3.      By unfairly obscuring its true shipping costs, Forme deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true shipping charges. To wit, other major e-commerce sites do not assess "Shipping Protection Fee"s in addition to a shipping charge—for the simple reason that Shipping Protection Fee is an inextricable aspect of "shipping."

4.      Second, in its avaricious attempt to sell more clothing products, Forme represents that its products are "FDA-registered posture correcting" … "to immediately improve your upper body alignment and body foundation." *See e.g.* https://forme.science/products/power-bra?_pos=1&_sid=31f6c17e4&_ss=r    (last visited August 12, 2024). This allows Forme to increase the price of its products and leads consumers to purchase these expensive products (*i.e.*, $182.00 for a bra) under

2

CLASS ACTION COMPLAINT

the guise that FDA has approved the product for the purpose of improving posture. However, according to the FDA, the fact that a company has "registered" with the FDA is meaningless. "Registration and listing with FDA does not denote approval or clearance of the establishment or its devices . . . [s]ome device manufacturers and distributors have used registration certificates to create the misimpression that FDA has reviewed, approved, cleared or authorized their products." U.S. Food & Drug Administration, FDA in Brief: FDA Calls on Certain Firms to Stop Producing and Issuing Misleading "FDA Registration Certificates", March 3, 2021, available at https://www.fda.gov/news-events/fda-brief/fda-brief-fda-calls-certain-firms-stop-producing-and-issuing-misleading-fda-registration.

5.      The FDA calls this practice a "misleading or deceptive practices could harm consumers." *Id*. Accordingly, it is false and deceptive for Defendant to represent that the fact that it may have registered its product with the FDA has any meaning, or that the registering will actually improve a consumer's posture.

6.      Plaintiff seeks damages and, among other remedies, public injunctive relief that fairly allows consumers to decide whether they will pay Forme's shipping costs and whether Forme products hold any sort of medical value.

## PARTIES

7.      At all material times, Plaintiff Lauren Chambers has been a resident and a citizen of Los Angeles County, California.

8.      Defendant Forme is an American company specializing in clothing and undergarments that improves posture. At all material times, Forme has been headquartered in Tampa, Florida.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d), this Court has original jurisdiction because:

a.      the proposed Class is comprised of at least 100 members; §

1332(d)(5)(B);

       b.    at least one member of the proposed class is a citizen of a State other than California, § 1332(d)(2)(A); and

       c.    the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs. § 1332(d)(2), (6).

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction here and regularly conducts business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**I.    FORME SURREPTITIOUSLY ADDS SHIPPING PROTECTION FEES TO ALL ORDERS.**

11.    Forme is a popular apparel brand specializing in clothing that it advertises improves posture.

12.    At no point in the purchasing process are consumers asked to assent to Forme's Terms of Use and Service.

13.    Forme prominently ~~features~~ advertises a single ~~prices~~ along with free or flat rate shipping on its website. Such representations are made throughout its website, including on the pages of the multi-step purchase process:

///

///

///

///

///

///

///

///

///



14.     Once an item is added to the online Shopping Cart, the consumer must click on the Shopping Cart button to begin the checkout process.  The cart then pops up on the side, with the option to add a very costly "Shipping Protection" service automatically pre-checked. It is pre-checked and in very small lettering at the bottom of the page, designed to go unnoticed by consumers. At no point is the consumer informed about what the "Shipping Protection" entails:



15.     After the consumer clicks the large black "CHECKOUT" button, they are

CLASS ACTION COMPLAINT

taken to another page where a "Shipping Protection" fee that amounts to a portion of the transaction is already in the cart, and there is no longer an option to remove it:



16.    On the final checkout page, the Shipping Protection option is again displayed in the cart without the option to remove it. On the side the Shipping Protection option appears again, prechecked, in tiny lettering designed to go unnoticed by consumers. Thus, if consumers even notice the small amount added to their transactions, consumers are still left entirely unaware that the added "Shipping Protection Fee" charge is optional, because it is presented in the cart as mandatory:



17. Thus, reasonable consumers believe they have no other choice but to pay the Shipping Protection Fee charge, which they were not reasonably informed of. This is a classic bait & switch.

**A.  Forme Omits and Conceals Material Facts About the Costs of Shipping.**

18. The "Shipping Protection Fee" is a disguised shipping charge, rendering Forme's promise to provide free or flat rate shipping false.

19. Reasonable consumers like Plaintiff understand shipping to include reasonable accoutrements to effectuate that shipping, including "Shipping Protection."

20. In short, there is no "Shipping Protection" of the purchased item, separate and apart from the shipping, and Forme deceived consumers by stating otherwise.

21. By assessing add-on fees for certain aspects of "shipping," Forme renders its free shipping or flat, low-cost shipping promises false.

22. By unfairly obscuring its true shipping charges to consumers, Forme deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true shipping charges. Indeed, other major e-commerce sites in the U.S. do not assess a Shipping Protection Fee in addition to a shipping charge—for the simple reason that Shipping Protection is an essential, inextricable aspect of "shipping."

23. Forme does not inform consumers the true costs of shipping and it misrepresents its Shipping cost as free or low-price, when in fact those costs are actually higher.

24. Moreover, the "Shipping Protection Fee" is never reasonably disclosed to consumers until it shows up as a line item in their shopping cart—after the purchase process is largely complete. This process fails to provide an adequate advance warning to customers that a Shipping Protection Fee will be imposed on their purchases.

25. Many consumers, like Plaintiff, do not notice that a "Shipping Protection Fee" is being added to their order. Others believe that they have no choice but to pay this "Shipping Protection Fee." And others still notice the previously undisclosed

"Shipping Protection Fee" but decide to go through with the purchase anyway because they do not know how to remove it from their cart.

26.     In any of these situations, the result is the same: a consumer who otherwise would have found a way to pay without paying the "Shipping Protection Fee," ends up paying the fee. Defendant profits; Plaintiff and the class lose.

27.     This is a classic case of "Drip pricing." "Drip pricing" works because, as research has shown, "our brains tend to fix on the price we first encountered even after we learn the total cost. And even when consumers learn about the hidden fees, they often pay up rather than shop around . . .  because they figure that 'investing more time into searching for it will not be worthwhile.'" Santul Narkar, *It's a Great Deal, Before the 'Drip Pricing'*, New York Times, available at https://www.nytimes.com/interactive/2024/02/23/business/what-is-drip-pricing.html (quoting Professor David Friedman of Willamette University).

28.     By unfairly obscuring its charges to consumers, Forme deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true charges.

**B.     The Shipping Protection Fee Is A Junk Fee That Violates Federal Guidance and California law.**

29.     Forme's Shipping Protection Fees are precisely the type of "Junk Fee" that has come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.

The White House, The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition, March 5, 2024, available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3

30.    As the Federal Trade Commission said recently in its effort to combat Junk Fees:

> [M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.

Federal Trade Commission, <u>FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees</u>, October 11, 2023, available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

31.    In July of 2024, California expanded its Consumer Legal Remedies Act ("CLRA") was amended to make illegal "drip pricing," which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service. **California** Civil Code Section 1770(a)(29). Under the new California law, it is now illegal to advertise a low price for a product, only for that product to be subject to additional or mandatory fees later. In other words, "the price listed or advertised to the consumer must be the full price that the consumer is required to pay." See California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked Questions*, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 18, 2024). As the California Department of Justice stated:

> Businesses are free to explain how they set their prices or to *subsequently* itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.

*Id*. at p. 4 (emphasis added).

32.    In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in Digital Advertising, the FTC makes clear that when advertising and

9

selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy – for example, before the consumer "add[s] to shopping cart." *See* Fed. Trade Comm'n, .com Disclosures: How to Make Effective Disclosures iN Digital Advertising at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf

33.    Defendant violates federal guidance by adding the Shipping Protection Fees as line items well after the consumer "add[s] to shopping cart", and by failing to disclose the nature of these fees.

34.    What's worse, it is entirely unclear what "Shipping Protection Fee" even is, and whether consumers are getting any added benefit at all from the fee charged.

**C.    Plaintiff's Experience.**

35.    Plaintiff purchased a bra from Forme.science on or about February 2, 2024.

36.    When using the website, Plaintiff was not informed that she would incur a Shipping Protection fee in a reasonable manner.

37.    However, Plaintiff's purchase included an $5.35 "Shipping Protection Fee" that was automatically and surreptitiously added to hers cart, which amounted to a portion of her transaction, that—for the reasons described above—in fact represented an additional shipping charge.

38.    Plaintiff would not have made the purchase if she had known the Forme shipping was not in fact flat rate.

39.    If Plaintiff had been given the option to opt-in to Shipping Protection, rather than opt out, she would have opted out.

///

///

///

CLASS ACTION COMPLAINT

II.   **FORME ABUSES ITS MEANINGLESS "FDA REGISTERED" STATUS TO MANIPULATE CONSUMERS INTO PURCHASING ITS PRODUCTS.**

A.   **Overview of FDA Registration, Approval, and Clearance.**

40.   The United States Food and Drug Administration ("FDA") is responsible for telling us which foods, drugs and medical devices are safe for us to use. Consumers rely on the FDA to provide independent scientific reviews of medical products.

41.   Owners or operators of establishments that are involved in the production and distribution of medical devices intended for use in the U.S. are required to register annually with the FDA. This process is known as *establishment registration*. 21 CFR § 807. The registration fee in 2024 was $7,653. Generally, establishments that are required to register with the FDA are also required to list the devices that are made there and the activities that are performed on those devices.

42.   Registration and listing provides the FDA with the location of medical device establishments and the devices manufactured at those establishments. This is because "[k]nowing where devices are made increases the nation's ability to prepare for and respond to public health emergencies." Device Registration and Listing, U.S. Food and Drug Administration https://www.fda.gov/medical-devices/how-study-and-market-your-device/device-registration-and-listing (last accessed November 29, 2024).

43.   Although FDA registration is mandatory for companies seeking to sell medical products in the U.S., the listing is more like getting in a phone book than anything else. Information provided to FDA officials isn't verified for accuracy, or necessarily even looked at by anyone at the FDA.

44.   Medical devices are classified into Classes I, II, and III. Regulatory control increases from Classes I to Classes III. The device classification regulation defines the regulatory requirements for a general device type.

45.     In contrast to FDA registration, FDA approval and FDA clearance are rigorous processes that mean that the FDA has had a hand in assuring the safety and effectiveness of the medical device. FDA approval means the product's safety and effectiveness have been reviewed by the FDA and the product's known and potential benefits outweigh the known and potential risks. If the FDA grants an approval, it means the agency has determined the product is safe and effective for its intended use. About    FDA,    Patient    Q    &    A,    available    at https://www.fda.gov/media/151975/download#:~:text=What%20does%20"FDA%20 approved"%20mean,the%20known%20and%20potential%20risks.

46.     When a product has been "FDA cleared," a new medical device has been shown to be substantially equivalent to devices that are already legally marketed for the same use. Medical device manufacturers are required to submit information if they intend to introduce a device commercially for the first time or reintroduce a device that will be significantly changed to the extent that its safety and effectiveness.

47.     In sum, FDA registration does not represent that the FDA has ever even looked at a product, unlike products that are FDA approved, FDA cleared, or FDA authorized. Nevertheless, companies like Forme use the terms "FDA Registered," "FDA Certified," or "FDA Registration Certificate" in a deliberate attempt to deceive consumers. As the FDA acknowledged, "such words may be used to mislead you." United States Food and Drug Administration, *Are There "FDA Registered" or "FDA Certified" Medical Devices? How Do I Know What Is FDA Approved?*, March 3, 2021, available    at    https://www.fda.gov/medical-devices/consumers-medical-devices/are-there-fda-registered-or-fda-certified-medical-devices-how-do-i-know-what-fda-approved.

**B.    Forme's Deceptive Scheme.**

48.     Forme aggressively markets its clothing products, including undergarments, to people on social media and through other online means seeking relief from back pain and posture assistance.

49.    Forme advertises that it purported posture correcting products result in numerous health benefits such as "Instant Alignment," "Reduce neck, shoulder, and backpain," "Reduce injury, pain, and stiffness," and "Improve focus and breathing":



50.    Throughout its website, including prominently in large letters on its "About" page, Forme touts its designs as "FDA registered posture correcting."



51.    Forme touts that its "FDA registered posture correcting wearables instantly transform your whole body's alignment, decrease neck tension, increase spine extension, and increase chest expansion for better breathing.":



52.    Forme's flagship product is its "Power Bra." According to Forme, "[t]he Power Bra by Forme® is an FDA-registered posture correcting bra designed to immediately improve your upper body alignment and body foundation."



53.    Forme further represents "The Power Bra by Forme® is an FDA-registered, patented, functional posture correcting bra designed to immediately improve your body alignment for lifestyle and daily function."



54.    Forme touts its FDA registration status on a variety of its other products including but not limited to its Revive Bra, Radiance Bra, Core V-Neck, Ace V-Neck, Core Tee, Ace Tee, Ace+ Polo, Ace V-Neck Long Sleeve, and Core Long Sleeve.

55.    Forme uses its "FDA registration" status to deceive consumers into purchasing its products. Forme knows that most consumers do not understand the difference between FDA registered, FDA approved, and FDA cleared. Forme also knows that most consumers do not understand that merely paying to be registered with the FDA does not mean that the FDA has made the product go through any sort of

CLASS ACTION COMPLAINT

rigorous process, nor does it mean that the FDA has even looked twice at the produce beyond receiving the registration.

### C.  Plaintiff's Experience.

56.  On or about February 2, 2024, Plaintiff purchased a Forme Power Bra from Forme's website.

57.  Plaintiff purchased the Forme Power Bra with the understanding that the FDA had cleared or approved the Forme Power Bra for the purpose of correcting her posture and relieving her neck pain.

58.  Plaintiff did not understand that the product had not been approved, cleared, or otherwise authorized by the FDA for the purpose of correcting her posture and relieving her neck pain.

59.  Had Plaintiff understood that the FDA had not actually had any involvement with the product beyond accepting money for the registration, Plaintiff may have made a different choice with respect to whether to purchase a Forme product.

## CLASS ALLEGATIONS

60.  Plaintiff brings this action on behalf of herself and Classes of similarly situated persons. The Classes are defined as follows:

> All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid Forme a Shipping Protection Fee. ("Shipping Protection Fee Class")

> All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, purchased a Forme product marketed as "FDA Registered." ("FDA Registered Class")

61.  Collectively, the Shopping Protection Fee Class and FDA Registered Class shall be referred to as the "Classes."

62.  Excluded from the Classes are Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify,

or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

63. **Numerosity**: At this time, Plaintiff does not know the exact size of the Classes; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Classes members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

64. **Commonality**: There are questions of law or fact common to the Classes, which include, but are not limited to the following:

    a. Whether during the class period, Defendant deceptively represented its Shipping cost for orders on its website;

    b. Whether during the class period, Defendant deceptively represented its products as "FDA Registered";

    c. Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

    d. Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    e. Whether Defendant's alleged conduct constitutes violations of the laws asserted;

    f. Whether Plaintiff and members of the Classes were harmed by Defendant's misrepresentations;

    g. Whether Plaintiff and the Classes have been damaged, and if so, the proper measure of damages; and

    h. Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent (1) the amount of the shipping costs for orders on Forme.com; and (2) its FDA registration status.

16

65.   **Typicality**:   Like Plaintiff, any other consumers ordered goods for shipping from Forme's website, believing shipping to be the flat fee represented based on Defendant's representations and believing the FDA somehow approved Forme's products. Plaintiff's claims are typical of the claims of the Classes because Plaintiff and each member of the Classes was injured by Defendant's false representations about the true nature of the shipping cost and FDA status. Plaintiff and the Classes have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiff's claims and the claims of members of the Classes emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Classes, and, therefore, class treatment is appropriate.

66.   **Adequacy of Representation**:  Plaintiff is an adequate representative of the Classes. Plaintiff is committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions such as this, and who have the financial and legal resources necessary to litigate this case through resolution, including through trial and appeal, if necessary. Plaintiff does not have any interests adverse to those of the Classes.

67.   **The Proposed Classes Satisfies Prerequisites for Injunctive Relief**. Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive and equitable relief with respect to the Classes as a whole. Plaintiff remains interested in ordering goods for shipping through Forme's website; there is no way for his to know when or if Defendant will cease deceptively misrepresenting the cost of shipping and FDA status.

68.   Specifically, Defendant should be ordered to cease from representing its shipping service as a flat fee and to disclose the true nature of its mark-ups and from representing its products as "FDA Registered."

69.   Defendant's ongoing and systematic practices make declaratory relief with respect to the Classes appropriate.

70.     **The Proposed Classes Satisfies the Prerequisites for Damages**. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the Classes will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member. Moreover, prosecution of separate actions by individual members of the Classes would create a risk inconsistent or contradictory judgments, lead to the duplication of evidence, effort, and expense, and unnecessarily overwhelm the court system. The benefits of class treatment, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Plaintiff does not anticipate any difficulty in the management of this litigation as a class action.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
#### Unjust Enrichment
#### (On Behalf of Plaintiff and the Classes)

71.     Plaintiff repeats, realleges, and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

72.     To the detriment of Plaintiff and the Classes, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

73.     Plaintiff and the Classes conferred a benefit on Defendant when they paid Defendant the Shipping ProtectionFees, which they did not agree to and could not reasonably avoid.

74.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

75.     Defendant's unjust enrichment is traceable to, and resulted directly and

1  proximately from, the conduct alleged herein.

2  76.    Plaintiff and the Classes, therefore, seek disgorgement of all wrongfully

3  obtained fees received by Defendant as a result of its inequitable conduct as more fully

4  stated herein.

5  **SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law**

6  **(Cal. Bus. & Prof. Code § 17200, et seq.)**
**(On Behalf of Plaintiff and the Classes)**

7

8  71.    Plaintiff repeats, realleges, and incorporates the allegations in the

9  preceding paragraphs as if fully set forth herein.

10  72.    Defendant's conduct described herein violates the Unfair Competition

11  Law ("UCL"), codified at California Business and Professions Code section 17200, *et*

12  *seq*.

13  73.    The UCL prohibits, and provides civil remedies for, unfair competition.

14  Its purpose is to protect both consumers and competitors by promoting fair competition

15  in commercial markets for goods and services. In service of that purpose, the

16  Legislature framed the UCL's substantive provisions in broad, sweeping language.

17  74.    The UCL imposes strict liability. Plaintiff need not prove that Defendant

18  intentionally or negligently engaged in unlawful, unfair, or fraudulent business

19  practices—but only that such practices occurred.

20  75.    A business act or practice is "unfair" under the UCL if it offends an

21  established public policy or is immoral, unethical, oppressive, unscrupulous, or

22  substantially injurious to consumers, and that unfairness is determined by weighing the

23  reasons, justifications, and motives of the practice against the gravity of the harm to

24  the alleged victims.

25  76.    A business act or practice is "fraudulent" under the UCL if it is likely to

26  deceive members of the public.

27  77.    A business act or practice is "unlawful" under the UCL if it violates any

28  other law or regulation.

78. Defendant committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting its shipping practices, including by falsely advertising that it provides flat rate shipping on qualifying orders. Defendant further manipulated consumers into believing that its products had a medical purpose that had been somehow endorsed by the FDA.

79. Defendant's acts and practices offend an established public policy of truthful advertising in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

80. The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

81. Defendant's conduct also constitutes an "unlawful" act under the UCL because it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code section 1750, *et seq.*

82. Defendant's business practices have misled Plaintiff and the proposed Class and, unless enjoined, will continue to mislead them in the future.

83. Plaintiff relied on Defendant's misrepresentations in making his purchase.

84. By falsely marketing its shipping fee practices and FDA status, Defendant deceived Plaintiff and class members into making purchases they otherwise would not make.

85. As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful practices, Plaintiff and class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and presents a continuing threat to Plaintiff and Class members that they will be deceived. Plaintiff desires to conduct further business with Defendant but cannot rely on Defendant's representations unless an injunction is issued.

86.     As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

87.     Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

88.     Plaintiff has no adequate remedy at law in part because Defendant continues to automatically add a "Shipping Protection Fee" to all purchases. Plaintiff therefore seeks an injunction on behalf of the general public to prevent Defendant from continuing to engage in the deceptive and misleading practices described herein.

### THIRD CLAIM FOR RELIEF
### False and Misleading Advertising
### (Bus. & Prof. Code §§ 17500, et seq.)
### (On Behalf of Plaintiff and the Classes)

95.     Plaintiff repeats, realleges, and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

96.     California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

97.     Defendant's material misrepresentations and omissions alleged herein violate Business and Professions Code section 17500.

98.    Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

99.    Pursuant to Business and Professions Code sections 17203 and 17500, Plaintiff and the members of the California subclass, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their deceptive practices.

100.    Further, Plaintiff requests an order awarding Plaintiff and class members restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

101.    Additionally, Plaintiff and class members seek an order requiring Defendant to pay attorneys' fees pursuant to California Civil Code section 1021.5.

## FOURTH CLAIM FOR RELIEF
### Violation of California's Consumer Legal Remedies Act ("CLRA")
### Cal. Civ. Code § 1750, *et seq.*
### (On Behalf of Plaintiff and the Classes)

102.    Plaintiff repeats, realleges, and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

103.    This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*.  Plaintiff and each member of the proposed Classes are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of merchandise to consumers were "transactions" within the meaning of California Civil Code § 1761(e). The merchandise purchased by Plaintiff and the Classes are "goods" within the meaning of California Civil Code § 1761(a).

104.    Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Classes which were intended to result in, and did result in, the sale of merchandise:

    a.    "Misrepresenting the affiliation, connection, or association with, or

certification by, another" (a)(3);

    b.    "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5);

    c.    "Advertising goods or services with intent not to sell them as advertised" (a)(9);

    d.    "Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law" (a)(14);

    e.    "Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product" (a)(20); and

    f.    "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" (a)(29).

105. Specifically, Forme falsely advertised flat rate shipping on its website, and then deceptively added a Shipping Protection Fee to all orders. Forme also falsely represented that its products were endorsed by the FDA.

106. Pursuant to § 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

107.   Plaintiff also seeks public injunctive relief, as described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Classes seek an Order:

1.   Certifying the proposed Classes;

2.   Declaring that Defendant is financially responsible for notifying the Classes members of the pendency of this suit;

3.   Declaring the Defendant has committed the violations of law alleged herein;

4.   Providing for any and all public injunctive relief the Court deems appropriate;

5.   Awarding statutory damages in the maximum amount for which the law provides;

6.   Awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

7.   Providing for any and all equitable monetary relief the Court deems appropriate;

8.   Awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

9.   Awarding Plaintiff their reasonable costs and expenses of suit, including attorneys' fees;

10.   Awarding pre- and post-judgment interest to the extent the law allows; and

11.   Providing such further relief as this Court may deem just and proper.

///

///

///

///

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: December 12, 2024                    Respectfully submitted,

**KALIEL GOLD PLLC**


By:_____
    Sophia Goren Gold
    Jeffrey D. Kaliel
    Amanda J. Rosenberg

**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330090)
scott@edelsberglaw.com

*Attorneys for Plaintiff and the Proposed Class*